IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02692-BNB

ROGER SCOTT BLACKBURN,

      Applicant,

v.

PAROLE OFFICER TRAVIS HADDAWAY, and
COLO. BOARD OF PAROLE CHAIRMAN DAVID L. MICHAUD,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 3 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Roger Scott Blackburn, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Blackburn initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an administrative decision revoking his parole. On January 6, 2009, the court ordered Mr. Blackburn to file an amended habeas corpus application pursuant to 28 U.S.C. § 2241 because he is challenging the execution, and not the validity, of his sentence. On January 21, 2009, Mr. Blackburn filed an amended application pursuant to § 2241. He also has filed a memorandum in support of the amended habeas corpus application.

The court must construe the amended application and supporting memorandum liberally because Mr. Blackburn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*,

935 F.2d at 1110. For the reasons stated below, Mr. Blackburn will be ordered to file a second amended application.

The court has reviewed the amended application and finds that it is deficient. As noted above, Mr. Blackburn is challenging the revocation of his parole in this habeas corpus action. However, Mr. Blackburn fails in the amended application to provide a clear and concise statement of his claims that demonstrates his rights under the United States Constitution were violated in connection with the revocation of his parole. Although Mr. Blackburn makes a vague reference to a violation of due process in the amended application, he fails to specify how his due process rights were violated. Mr. Blackburn does make specific factual allegations regarding various actions of his parole officer. However, he fails to link the parole officer's alleged actions to the subsequent revocation of his parole. Mr. Blackburn does not even allege when his parole was revoked.

The supporting memorandum filed by Mr. Blackburn also does not clarify the claims he is asserting in this action. Mr. Blackburn discusses the Confrontation Clause and the due process requirements of a parole revocation hearing generally in the supporting memorandum, but he does not allege specific facts that demonstrate his rights under the Confrontation Clause were violated or that he was denied due process at a parole revocation hearing.

Therefore, Mr. Blackburn will be ordered to file a second amended application in order to clarify his claims in this action. Mr. Blackburn must allege specific facts in support of his claims to demonstrate that his constitutional rights have been violated because naked allegations of constitutional violations are not sufficient to state a

habeas corpus claim. ***See Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Blackburn is warned that this will be his final opportunity to clarify his claims in this action.

Finally, the court notes that Mr. Blackburn has not named a proper Respondent in the amended application. The named Respondents in the amended application are a parole officer and the chairman of the Colorado Board of Parole even though there is no indication that either of those individuals currently has custody over Mr. Blackburn. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. ***See*** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; ***Harris v. Champion***, 51 F.3d 901, 906 (10th Cir. 1995). It appears that the warden of the Sterling Correctional Facility is the proper Respondent in this action because Mr. Blackburn alleges that he is incarcerated at that prison. Therefore, Mr. Blackburn will be directed to name the proper Respondent in the second amended application he will be ordered to file. Accordingly, it is

ORDERED that Mr. Blackburn file a second amended application **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Blackburn, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Blackburn fails within the time allowed to file a second amended application as directed, the action will be dismissed without further

3

notice.

DATED January 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02692-BNB

Roger Scott Blackburn
Prisoner No.127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 1/23/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk